BENJAMIN HATCHER *v.* JOHN F. ALFORD, ET AL.

**Arbitration—Power of Arbitrators to Correct Mistake.**

A board of arbitration after it has made an award, but before it adjourns, has the power to correct a mistake.

APPEAL FROM EDMONSON CIRCUIT COURT.

May 20, 1876.

OPINION BY JUDGE COFER:

The board of arbitration had not adjourned by any act of its own, nor had its members even separated after rendering and announcing their decision, before they discovered the mistake they had made, and they at once announced that they would correct the mistake, and proceeded to do so. The appellant had gone from the room where the board was sitting before the mistake was discovered, but

his attorney came in and learned that a mistake had been made, and that it was proposed at once to correct it; and the appellant does not deny that he knew what was going on, and does not claim that he had not an opportunity to be present. Nor does he rest his case on the ground that he had no opportunity to be heard, or that any injustice was done him. If the board had legal authority, after announcing its decision and delivering to him a copy, to correct a mistake the existence of which is not disputed. The whole case is rested on the ground that when the decision was made out, signed in triplicate, and a copy delivered to the appellant, the board eo instanti lost all power over the case, and stood adjourned by operation of law, except for the purpose of giving a certificate of costs and the making of a bill of exceptions.

It is not necessary, in this case, to decide how long the power of the board to correct a mistake continues after its decision is announced and a copy is delivered to the successful party. The only question to be decided is whether such correction can be made at all. We know of no tribunal, however great or small its jurisdiction and powers may be, or what its nature or character is, that is so restricted in its authority that, having once announced its decision, is in an instant powerless to recall that decision, however erroneous it may be.

We think that under the facts in this case the board has power to correct the mistake, and that having done so, the decision at first made was thereby revoked, and that the court properly refused to award a mandamus.

Judgment *affirmed*.

*P. T. Edwards, A. Duvall, for appellant.*
*J. W. Rodman, R. Rodes, Hazelip & Botts, for appellees.*